**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CRYSTAL IRENE OSBURN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 25-2596-JAR-GEB** |
| **LAIRD NOLLER AUTOMOTIVE, INC.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Crystal Irene Osborne's Motion To Amend Pleading ("Motion") (**ECF No. 45**). For the reasons outlined below, the undersigned Magistrate Judge **GRANTS** Plaintiff's Motion.

## I. Background[1]

Plaintiff alleges she was the victim of an unlawful "yo-yo" car sales transaction. She signed what appeared to be a final Retail Installment Sales Contract which identified a lender and set forth the payment terms. What she did not know is that financing purportedly had not been approved by the lender. She further alleges the contract documents were falsified by Defendant to make the deal appear viable to potential lenders. Plaintiff was permitted to leave with the vehicle, was later told the financing fell through, and asked to find a co-signer. Plaintiff alleges Defendant used local police officers to repossess the vehicle before the first payment was due. The car was repossessed at her workplace in front

[1] The facts are taken from Plaintiff's Complaint (ECF No. 1) unless otherwise indicated. This background information should not be construed as judicial findings or factual determinations.

of her employer and co-workers causing her public humiliation and other emotional distress.

Plaintiff brought suit; after an extension of time, Defendant timely answered Plaintiff's Complaint.[2] The parties commenced written and third-party discovery and began to take depositions, including the deposition of Morgan Franklin, former General Sales Manager for Defendant. The Court held a Scheduling Conference and entered a Scheduling Order.[3] Plaintiff filed her Motion to Amend by the deadline set forth in the Scheduling Order. Briefing is complete and the Motion is ripe for decision.

## II. Plaintiff's Motion to Amend

Having undertaken certain discovery, including the deposition of Morgan Franklin, Plaintiff seeks leave to file her First Amended Complaint. She seeks to enhance factual allegations in support of her current claims and add four additional counts: 1) violation of the Equal Credit Opportunity Act, 2) False Imprisonment, 3) Abuse of Process, and 4) violation of 42 U.S.C. § 1983. Defendant opposes amendment alleging it would be unduly prejudiced and certain of the new claims are futile.

### A. Legal Standard

The standard for permitting a party to amend her pleadings is well established. A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. After the permitted time for such amendment has passed, without the opposing

---

[2] ECF Nos. 9 and 11.
[3] ECF No. 26.

party's consent, a party may amend its pleading only by leave of the court under Rule 15(a)(2), where leave "shall be freely given when justice so requires."

A decision to grant leave to amend is within the sound discretion of the Court.[4] "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test h[er] claim on the merits."[5] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[6]

The "liberality in granting leave to amend is curbed when amendment would cause the opposing party undue prejudice."[7] Prejudice "'means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party.'"[8] Amendment invariably causes some prejudice, "but leave to amend is not denied unless the amendment would work on injustice to the defendants."[9] The burden of showing undue prejudice is on the party opposing amendment.[10]

---

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[5] *Id.*
[6] *Id.*
[7] *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (1989).
[8] *Id.* (citing *Federal Deposit Insurance Corp. v. Berr*, 643 F.Supp. 357, 359 (D. Kan. 1986) (quoting *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3rd Cir. 1969).
[9] *Koch* at 209-10.
[10] *Id.* at 210.

Futility of amendment is adequate justification to deny leave to amend.[11] A court is "justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."[12] A complaint must plead sufficient facts to state a claim for relief that is plausible on its face in order to withstand a motion to dismiss.[13] Well-pleaded facts are accepted as true.[14] Additionally, all reasonable inferences derived from such facts are viewed in the light most favorable to Plaintiff.[15]

**B. Discussion**

**i. Undue Prejudice**

Defendant, relying on *Minter v. Prime Equip. Co.*,[16] argues it will be unfairly affected in terms of preparing its defense where the allegations in Plaintiff's First Amended Complaint purportedly arise from different subject matter than the claims in the original Complaint and raises significant new factual issues. This allegation, however, contradicts Defendant's argument in the introduction to its Response where it disagrees with Plaintiff's assertion she seeks leave to amend based on additional facts revealed in discovery. Defendant sets out its view of the basis for the claims in the Amended Complaint and says

---

[11] *Schepp v. Fremont Cnty.*, 900 F.2d 1448, 1451 (10th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[12] *Id.*
[13] *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).
[14] *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).
[15] *Archuleta,* 523 F.3d at 1283.
[16] 451 F.3d 1196, 1208 (10th Cir. 2006).

"[n]one of the alleged facts new."[17] As the Court reviews the additional facts in the Amended Complaint, the Court would agree they are not new.

Defendant, in part, bases its undue prejudice claim on the fact it chose to depose Plaintiff early on in this litigation. As a result, it has not had the opportunity to depose Plaintiff regarding the claims in the Amended Complaint. It asks the Court, if leave to amend is given, to condition its order on it being able to take a second deposition of Plaintiff limited to only the counts which are permitted to proceed. The Court declines to do so, but would nonetheless be inclined to permit Defendant to reopen Plaintiff's deposition to inquire about any new claims for some limited period of time. Plaintiff does not appear to object to reopening her deposition for a brief time, with the deposition confined to the new counts.[18] The undersigned will require the parties to confer and if an agreement cannot be reached, Defendant request a conference pursuant to D. Kan. R. 37.1(a).

Where the new claims are not based upon a different subject matter from the claims in the original Complaint and the parties appear to be of a like mind regarding reopening Plaintiff's deposition, as necessary, Defendant has not met its burden to show any amendment would work an injustice on it. The Court therefore finds amendment will not unduly prejudice Defendant.

**ii. Futility**

Defendant alleges two of Plaintiff's proposed additional claims, abuse of process and violation of 42 U.S.C. § 1983, are futile. Defendant relies on Plaintiff's deposition

[17] Response, ECF No. 55, at 1.
[18] Reply, ECF No. 64, at 6.

testimony regarding the Letter of Understanding and Retail Installment Sale Contract at issue in this case. Defendant argues her testimony does not support the elements of her claims for abuse of process and violation of 42 U.S.C. § 1983, are subject to dismissal, and are therefore futile. Plaintiff disagrees about the interpretation and import of her testimony on these topics.

Citing *Bauchman v. West High School*,[19] Defendant asks the Court to find the proposed amendment futile arguing it would not survive a motion for summary judgment. Plaintiff asserts futility should be determined based upon whether her proposed amendment states a claim. Defendant, as the party opposing amendment, has the burden to establish these claims are futile.[20]

In *Bachman*, the Tenth Circuit upheld the district court's order which concluded the relevant undisputed facts would subject Ms. Bachman's proposed amended complaint to dismissal on summary judgment.[21] "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."[22] However, "nothing in the opinion *requires* a court to determine futility based on summary judgment standards."[23] In fact, "Courts in this district have generally confined

[19] 132 F.3d 452 (10th Cir. 1997).
[20] *Brez v. Fougera Pharmaceuticals Inc.*, 16-2576-DDC, 2017 WL 3267610, at *4 (D. Kan. Aug. 1, 2017) (citing *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC, 2015 WL 1957782, at *2 (D. Kan. Apr. 29, 2015)).
[21] *Bachman*, 132 F.3d at 461.
[22] *Id.*
[23] *Hatfield v. Western Trails Charters & Tours LLC*, No. 20-0435-DAO, 2021 WL 1929590, at *4 (D. Utah May 13, 2021) (citing *Bachman*, 132 F.3d at 561-62).

their futility analysis to a Rule 12(b)(6) analysis – as opposed to a Rule 56 summary judgment analysis – and refused to examine evidence or affidavits, outside the pleadings when determining futility of amendment."[24]

Here the parties vehemently disagree about the interpretation of the few facts before the Court. But both agree that additional discovery is necessary. Based on this and considering the Court "is required to examine the factual record and all reasonable inferences therefrom in the light most favorable to Plaintiff,"[25] the Court does not have sufficient undisputed facts to definitively determine Plaintiff's abuse of power and violation of 42 U.S.C. § 1983 claims could not survive summary judgment. Understanding Defendant may still challenge this claims through dispositive motion,[26] the Court in its discretion will not deny Plaintiff's amendment based on futility. Permitting the amendment "comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)."[27]

For the reasons set forth above, the undersigned Magistrate Judge **GRANTS** Plaintiff Crystal Irene Osburn's Motion for Leave to Amend Pleading **(ECF No. 45)**.

**IT IS THEREFORE ORDERED** Plaintiff shall file her First Amended Complaint forthwith.

---

[24] *Brez v. Fougera Pharmaceuticals Inc.*, No. 16-2576-DDC, 2017 WL 3267610, at * 5 (D. Kan. Aug. 1, 2017) (citing *Szczygiel v. Kansas*, No. 14-CV-3011-EFM, 2015 WL 630570, at *3, n. 23 (D. Kan. Feb. 12, 2015)).
[25] *Id.* at *6.
[26] *Id.* (citing *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *6 (D. Kan. Oct. 12, 2010) (finding "Defendants' arguments are better suited for resolution on a motion for summary judgment")
[27] *Id.* (quoting *Quality Time, Inc. v. W. Bend Mut. Ins. Co.*, 12-1008-JTM, 2012 WL 2872226, at *2 (D. Kan. July 12, 2012)).

**IT IS SO ORDERED.**

Dated this 10th day of November, 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge